UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-361-H

IMOGENE ROBINSON                                                                                              PLAINTIFF

V.

PROGRESSIVE CASUALTY INSURANCE COMPANY
and/or
PROGRESSIVE NORTHERN INSURANCE COMPANY                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This insurance policy interpretation presents a relatively straightforward analysis. Plaintiff seeks to recover underinsured motorist coverage pursuant to a commercial auto policy that Progressive Insurance Companies issued to Plaintiff's former husband, Jerry Robinson d/b/a Robinson Insulation (the "Commercial Policy"). The Court must conclude that the plain and unambiguous language of the Commercial Policy bars such a recovery in these circumstances.

      Here, an underinsured driver caused an accident in which Plaintiff received injuries. Plaintiff was a potential insured under several Progressive auto policies: the Commercial Policy and a separate personal policy. On the day in question, Plaintiff was driving a KIA Spectra that was not listed on the Commercial Policy.[1] Progressive paid underinsured coverage under the personal policy, which listed Plaintiff as an insured and the KIA Spectra as an insured vehicle. Because the Commercial Policy did not list the KIA Spectra as an insured vehicle, Progressive

---

[1] The Commercial Policy listed three other vehicles.

declined to pay underinsured auto coverage. After Plaintiff filed suit to force payment, Progressive moved for summary judgment.

Under Kentucky law, contract interpretation is usually a matter of law for the Court to decide. *See, e.g., Fay E. Sams Money Purchase Pension Plan v. Jansen*, 3 S.W.3d 753, 757 (Ky. App.1999). The Court should give effect to the plain and unambiguous language of the insurance contract. *U.S. Fidelity & Guar. Co. v. Star Fire Coals, Inc.*, 856 F.2d 31, 33 (6th Cir. 1988). Ambiguous terms are construed against the insurance carrier. *Stone v. Kentucky Farm Bureau Mut. Ins.*, 34 S.W.3d 809, 810-811 (Ky. App. 2000).

The Commercial Policy contains a definition section with the following pertinent provisions (emphasis and underlining as in actual policy):

> **GENERAL DEFINITIONS**
>
> **The following words and phrases have special meaning when used in bold throughout this Policy and in the endorsements unless specifically modified.**
>
> \* \* \*
>
> 8. "**Accident**" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage** and arises out of the ownership, maintenance or use of **your insured auto**.
>
> 9. "**Your insured auto**" or "**insured auto**" means:
>
> a. Any **auto** described in the Declarations or any **replacement auto**. The same coverage and limits will apply to the **replacement auto** as applied to the **auto** being replaced, until **you** notify **us**. **You** must, however, notify **us** within 30 days of replacement <u>for coverage to continue to apply. Once ownership in the original auto is transferred or it becomes permanently inoperable, this policy no longer applies to it.</u>

2

\* \* \*

    c.    Any **non-owned auto** while **you** or an employee of **yours** is temporarily driving it as a substitute for any other **auto** described in this definition because of its withdrawal from normal use for a period of not greater than 30 days.

\* \* \*

    11.    "**Non-owned auto**" means any **auto** which is:

    a.    not owned by or registered to **you**, **your** nonresident spouse or a resident of the household in which **you** reside;

The specific underinsured motorist coverage provision is found as an endorsement at the end of the Commercial Policy. It states in pertinent part (emphasis and underlining is in the actual policy):

### UNDERINSURED MOTORISTS INSURANCE

**COVERAGE**

> **We** will pay damages, except punitive or exemplary damages, which an **insured** is legally entitled to recover from the owner or operator of an **underinsured auto** for **bodily injury** sustained by the **insured** caused by an **accident** and resulting from the ownership maintenance, or use of the **underinsured auto**.

In summary, the Commercial Policy provides underinsured coverage for (1) insureds, (2) who are entitled to recover from an underinsured person or auto and (3) for injuries caused by an accident. The Court finds these terms clear and unambiguous. The Court will assume that Plaintiff can satisfy the first two criteria.[2] However, Plaintiff cannot meet the third.

    The Commercial Policy contains coverage limitations and definitions that apply

---

[2] Progressive argues vigorously that Plaintiff does not qualify as an insured under the Commercial Policy. The Court need not decide that issue.

specifically to endorsements such as the underinsured motorist coverage. The word "accident" is clearly denoted as a defined term. An "accident" is an event arising from the use of "your insured auto." The term "your insured auto" is also a defined term. It is "any auto described in the Declarations or any replacement auto." Here, the KIA Spectra was not listed on the Commercial Policy declaration page nor was it a replacement for a vehicle listed there. Consequently, the events here do not constitute an "accident" as defined in the Commercial Policy.

Finally, the KIA Spectra does not qualify for "non-owned auto" coverage described in ¶9c because it is a vehicle registered and owned by either a non-resident spouse or a resident of the insured's household. Once again, the Court finds these definitions and their application to our particular circumstances to be unambiguous. No disputed factual issues prevent the Court's application of the Commercial Policy terms.

The Commercial Policy provides liability coverage for an insured driving a non-covered vehicle; but does not provide underinsured coverage for an insured driving non-insured vehicles. This is a reasonable provision, which does not violate any established public policy of the United States or the State of Kentucky. Consequently, the Court finds no basis for requiring payment for such coverage in the face of plain language in the Commercial Policy to the contrary.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion for summary judgment of Progressive Insurance Companies is SUSTAINED and Plaintiff's claim is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc: Counsel of Record